IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ] |
| Plaintiff, | ] |
| v. | ] Case No: 1:12CV111SNLJ |
| D.W. CRANK, | ] |
| Defendant. | ] |

## ANSWER

Defendant, through counsel, herein responds to Plaintiff's complaint, stating:

### Preface

Defendant denies that any response, either singly or in combination with other responses, constitutes an admission by implication. Any admission intended is made expressly and specifically.

### Introductory Statement

1. Admit the averment with the exception that Trooper Crank denies that he deprived Plaintiff of any right secured under the U.S. Constitution or laws of the United States.

## Jurisdiction

2. Admit the Complaint alleges it is brought pursuant to 42 U.S.C. § 1983 and 1988, further alleging violation of the Fourth and Fourteenth Amendments.

3. Admit.

4. Without sufficient information to admit and therefore deny.

5. Admit.

6. Admit.

7. Admit that Plaintiff claims he is a person aggrieved by a purported violation of his civil rights, which is, in turn, actionable under § 1983.

## Parties

8. Without sufficient information to admit and therefore deny.

9. Admit.

10. Admit.

11. Admit.

## Facts

12. Without sufficient information to admit and therefore deny.

13. Without sufficient information to admit and therefore deny.

14. Without sufficient information to admit and therefore deny.

15. Without sufficient information to admit and therefore deny.

16-23. Without sufficient information to admit and therefore deny.

24. Deny.

25. Without sufficient information to admit and therefore deny.

26. Without sufficient information to admit the time stated. Admit the remaining allegations.

27-30. Without sufficient information to admit and therefore deny.

31. Admit Trooper Crank turned on his vehicle's emergency lights. Without sufficient information to admit the remaining allegations and therefore deny same.

32. Admit.

33. Admit Trooper Crank made contact with Plaintiff.

34. Admit Trooper Crank and Plaintiff shake hands. Without sufficient information to admit the time stated and therefore deny that allegations.

35. Admit Trooper Crank observes the odor of alcohol when interacting with Plaintiff. Deny the remaining allegations.

36. Admit Trooper Crank held his finger up- near the driver-side window during his interaction with Plaintiff. Deny the remaining allegations.

37. Admit.

38-39. Admit Trooper Crank held his finger up- near the driver-side window during his interaction with Plaintiff. Deny the remaining allegations.

40. Admit that during the traffic stop Trooper Crank believed there was probable cause to take Plaintiff into custody. Deny the remaining allegations.

41. Admit.

42. Without sufficient information to admit and therefore deny.

43. Admit Trooper Crank handcuffed Plaintiff. The remaining allegations are denied.

44. Admit.

45. Deny.

46. Admit that Trooper Crank overheard someone on the phone refer to him as a "moron." Without sufficient information to admit the remaining allegations and therefore deny such.

47. Admit Trooper Crank transports Plaintiff from the scene of the traffic stop. Without sufficient information to admit the remaining allegations and therefore deny such.

48. Admit that after Trooper Crank advised Plaintiff of the consequences of refusing a breathalyzer exam under the state's implied consent law that Plaintiff submitted to a breathalyzer test. Admit that a breathalyzer test was administered and the BAC DataMaster, serial number 204093, indicates a blood alcohol level of 0. Any remaining allegations are denied

49. Admit.

50. Admit.

51. Deny.

52. Deny.

53. Admit.

54. Without sufficient information to admit and therefore deny.

55. Deny, inasmuch as the averment calls for a legal conclusion.

## Count I

56. Defendant incorporates §§ 1-55, inclusive, by reference.

57. Deny.

58. Deny.

59. Deny

60. Deny

61. Without sufficient information to admit and therefore deny.

62. Deny.

63. Deny.

64. Deny, inasmuch as the averment calls for a legal conclusion.

Wherefore, Defendant asks the Court to reject any and all forms of relief sought and to dismiss Count I.

## Affirmative Defenses and Other Relief

65. Trooper Crank is entitled to qualified immunity on Plaintiff's claim.

66. Trooper Crank expressly reserves the right to amend this answer, including the addition of affirmative defenses or other relief.

67. Trooper Crank requests a jury trial on all matters so triable.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/ Doug Leyshock*

DOUG LEYSHOCK
Assistant Attorney General
Missouri Bar No. 47912
P.O. Box 899
Jefferson City, MO 65102
Phone (573) 751-3321
Fax (573) 751-9456

COUNSEL FOR DEFENDANT CRANK

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2012, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF electronic notification system which sent notification of such filing to the following:

John M. Albright
Moore, Walsh & Albright, LLP
PO Box 610
Poplar Bluff, MO  63902-0610

*Doug Leyshock*
Doug Leyshock
 Assistant Attorney General